IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CRIMINAL CASE NO. B-99-378-001 |
| TIMOTHY J. BROOKS a/k/a<br>Yahshua ben Baruch | § | |

## ORDER & OPINION

BE IT REMEMBERED that on August ___, 2006, the Court **DENIED** Defendant's Motion for Declaratory Judgment or Injunction Pursuant to 28 U.S.C. § 2201 or 28 U.S.C. § 2284(b).

### Background

Defendant is an inmate in the federal prison system. He has filed a complaint for injunctive relief against the Bureau of Prisons in Florida where he is currently being held. He seeks a court order in the form of an injunction against the Bureau of Prisons: (1) to maintain his current placement in a low custody facility rather than transferring him to a high custody facility; (2) to place him on protective custody status, in a single cell, and on recreation alone status; and (3) to transfer him from his current placement in a facility in Florida to a facility in Oklahoma. Although Brooks is in the midst of an ongoing administrative process within the Bureau of Prisons system, he seeks the above-described relief because he fears retaliation by other inmates due to the nature of the offense for which he was convicted, namely, transportation in foreign commerce of pornography. Additionally, he fears that prison officials will require him to have a cellmate rather than allowing him to remain in a single cell.

1

## Discussion

Defendant seeks an injunction pursuant to Federal Rules of Civil Procedure 65. The standards governing a request for a preliminary injunction and a temporary restraining order are the same. *Sanchez v. Federal Bureau of Prisons*, 2005 WL 3555465 *1 (N.D. Tex. 2005). To be entitled to injunctive relief, the individual seeking relief must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest. *Sugar Busters LLC v. Brennan*, 177 F.3d 258 (5th Cir. 1999). Defendant must prove all four elements in order to prevent the denial of the motion. *Sanchez*, 2005 WL 3555465 *1. Here, Defendant has failed to show that he is likely to succeed on the merits of his claims.

Although Defendant attempts to address each of the four required elements in his motion, he concedes in his motion that the Director of the Bureau of Prisons has the authority to choose the facility where an inmate is housed, may transfer inmates between facilities, and may designate both facility and status based on a variety of factors. Brooks' request is less than clear, reducing the likelihood of success. He states he seeks to remain in his current facility and seeks transfer to another facility. He requests a single cell and recreation alone status, yet he complains of the "oppressive isolation" at the current facility. Under 18 U.S.C. § 3621(b), the BOP may confine a prisoner in any facility and transfer him at any time. *Sanchez*, 2005 WL 3555465 *2 (*citing Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). "Federal prisoners generally have no constitutional right to placement in a particular penal institution." *Id.* The federal courts do not "supervise the day-to-day administration of prisons." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Defendant has failed to prove that he is likely to succeed on the merits of his claim. Therefore, the motion for a temporary restraining order is denied.

## Conclusion

The Court **DENIES** Defendant's Motion for Declaratory Judgment or Injunction Pursuant to 28 U.S.C. § 2201 or 28 U.S.C. § 2284(b).

DONE at Brownsville, Texas, this __8__ day of August, 2006.

_____
Hilda G. Tagle
United States District Judge